IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOYLE R. LITTLE, JR., | ) | |
| Petitioner | ) | C.A. No. 11-110 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| WILLIAM RYAN, et al., | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I**  **RECOMMENDATION**

It is respectfully recommended that the instant *habeas corpus* action be dismissed for Petitioner's failure to prosecute.

**II**  **REPORT**

Petitioner Doyle R. Little, Jr., an inmate at the State Correctional Institution at Coal Township, Pennsylvania, filed this *habeas corpus* action on May 7, 2011, along with a motion to proceed *in forma pauperis* ("ifp motion"). On July 6, 2011, this Court issued a Report and Recommendation recommending that Petitioner's ifp motion be denied. [ECF No. 4]. This Court's recommendation was adopted by District Judge Sean J. McLaughlin by Memorandum Order dated August 2, 2011, and Petitioner was ordered to pay the filing fee in this case within twenty days, or by August 22, 2011. To date, however, Petitioner has failed to pay the required filing fee in compliance with Judge McLaughlin's Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by

the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case. Further, Petitioner has failed to timely comply with an Order of the District Judge. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Petitioner's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d

187 (3d Cir. 2007).

                                               S/Susan Paradise Baxter
                                               SUSAN PARADISE BAXTER
                                               United States Magistrate Judge

Dated: September 16, 2011

cc:      The Honorable Sean J. McLaughlin
         United States District Judge